## CIRCUIT COURT OF CULPEPER COUNTY

Walter E. Smith
and Andrew J. Crockett

v.

Board of Supervisors
of Culpeper County

October 18, 1990

Case No. 145-C-89

By JUDGE LLOYD C. SULLENBERGER

Walter E. Smith and Andrew J. Crockett (Subdividers) have filed a suit against the Board of Supervisors of Culpeper County (County) seeking to have the court, by mandamus or injunction, require the County to approve a subdivision plat.

No *ore tenus* evidence was presented. The parties entered into a stipulation which incorporates the County comprehensive plan, zoning ordinance and subdivision ordinance. Also incorporated are a deposition of the county planning and development director and transcriptions of the hearings before the planning commission and board of supervisors on the subdivision plat.

Subdividers own a tract of land in Culpeper County of 58.6 acres (the subject property) which they desire to develop in 28 lots, each greater than one acre, in conformity with the zoning ordinance as to lot size. Their subdivision plat complies with the technical requirements of the county subdivision ordinance.

The planning commission recommended denial of approval of the subdivision plat, and the board of supervisors denied approval based on staff assessment that traffic on State Secondary Route 721, the main road of access to the subdivision, would be increased beyond its safe carrying capacity if 28 lots were approved and developed. Denial was also based on non-conformity with the comprehensive plan.

The subdividers were told that the 28-lot plat would be approved if they made "off-site" improvements to Route 721. In the alternative, the subdividers were told that a 15-lot subdivision would be approved without improvements to Route 721 since fewer lots would not overburden the road.

By agreed order entered February 20, 1990, the issues framed are (1) whether the County can deny approval of a subdivision plat because of a provision of the subdivision ordinance which would require "off-site" improvements by the subdividers to public roads, and (2) whether the County can deny approval of a subdivision plat because the subdivision does not conform to the comprehensive plan.

Addressing the second issue first, as counsel did in their memoranda, the court has reviewed the authority, case and statutes cited by counsel.

As counsel for the County points out, the Supreme Court of Virginia apparently has never dealt with whether a county's comprehensive plan can control over the applicable zoning ordinance where a subdivision request complies with current zoning but would be contrary to the comprehensive plan as to density and area location.

While a 28-lot subdivision developed on the subject property may exceed the desired density as provided in the comprehensive plan, the plan was adopted in 1984. In 1988, when the application was filed, and in May and June, 1989, when the disapproval occurred, the zoning ordinance permitted building lots of one acre on the subject property. The statutes requiring a comprehensive plan do not make the plan a zoning ordinance, but only a comprehensive guideline for zoning ordinances. *Board of Supervisors v. Safeco*, 226 Va. 329, 335 (1983); *Fairfax County v. Snell Corp.*, 214 Va. 655, 660 (1974).

This court holds that provisions of a comprehensive plan, not carried out by the zoning ordinance, cannot be used as a basis to deny a subdivision which conforms to the zoning ordinance and the requirements of the subdivision ordinance.

The off-site improvement issue arose as follows.

Section 734 and subsections thereunder, of the subdivision ordinance, address "safe carrying capacity" of off-site public secondary roads upon which a subdivision will have an impact. A formula, based on road conditions, traffic counts and ordinance projections of additional traffic for each new lot, determines the safe carrying capacity of the priority route, which is the shortest secondary road leading to a primary road leading to the Town of Culpeper.

Section 734.6 provides that when the forecast traffic on the priority route exceeds the safe carrying capacity of the primary route, the subdivision shall be denied. The board of supervisors can make a finding that the overage, beyond safe carrying capacity, will not adversely affect public safety so long as the vehicle count does not exceed the safe carrying capacity by 50% or more. § 734.7. Further, a subdivision may be denied when a finding is made that anticipated traffic from the subdivision will have an adverse affect on public safety. § 734.8.

In the case at bar, a 28-lot subdivision was calculated to increase the safe carrying capacity of Route 721 by 117%.

While the letters from the planning commission chairman and the zoning administrator to Subdividers concerning the disapproval of the plat did not address directly the off-site improvements, the parties have stipulated that Subdividers were told their 28-lot subdivision would be approved if the Subdividers improved Route 721. If not, a 15-lot subdivision could be approved.

Subdividers assert that the County's requiring "off-site" improvements of a public highway without voluntary agreement of the Subdividers is not authorized by state statutes to be included in a subdivision ordinance, is not, in any event, provided for in the Culpeper County subdivision ordinance, and is illegal based on *Hylton v. Prince William County*, 220 Va. 435 (1979).

*Hylton* addressed the issue whether a local governing body had the power to require a subdivision developer to construct improvement to existing public roads. Finding no authority, express or implied, in the enabling statutes and local subdivision ordinances or the statutes governing the state highway system, the Supreme Court of Virginia held that Prince William County had refused to approve an otherwise acceptable subdivision plan on an invalid ground. 220 Va. 440-42. *See, Board of County Supervisors v. Sie-Gray Developers, Inc.*, 230 Va. 24, 29 (1985).

The court has considered the arguments of the County but is unable to distinguish the situation in the case at bar from the holding in *Hylton*. The court concludes that the County has no authority to require the Subdividers to improve a public road without agreement of the Subdividers, *see* Code § 15.1-466(E), and by requiring for approval of an otherwise valid preliminary plat of subdivision, off-site public road improvements, it has acted without authority.

The County seeks to control the volume of traffic on a public road until improved by withholding or conditioning subdivision approval. Control of the volume of traffic to the extent development of subdivisions increases the volume of traffic is properly achieved under Virginia law by the zoning ordinances which may limit the density to which land may be developed. The subdivision law of Virginia does not address this end.

The court will enter a mandatory injunction requiring the proper county authorities to approve the preliminary subdivision plat.